SHIRLEY M. SMITH, Petitioner v. BOARD OF TRUSTEES OF THE TEACHERS' AND STATE EMPLOYEES' RETIREMENT SYSTEM

No. COA95-786

(Filed 4 June 1996)

**1. Public Officers and Employees § 59 (NCI4th)— State retirement system disability benefits—offset for Social Security—net amount after attorney fees**

A determination that respondent State retirement system was entitled to an offset in disability benefits for the gross amount of petitioner's Social Security disability benefits rather than the net amount after attorney fees was erroneous. *Willoughby v. Board of Trustees*, 121 N.C. App. 444 is dispositive.

**Am Jur 2d, Civil Service § 48.**

**2. Public Officers and Employees § 59 (NCI4th)— State retirement system disability benefits—no reduction by Social Security widow's benefits**

The superior court erred in concluding that petitioner's long-term disability benefits payable by the State retirement system were subject to a reduction in the amount of petitioner's widow's insurance benefits. Although petitioner's disability was part of the criteria under which she was eligible for widow's insurance benefits, widow's insurance benefits are separate and different from

Social Security disability benefits and the reference to "Social Security disability benefits" in N.C.G.S. § 135-106(b) does not include widow's insurance benefits.

**Am Jur 2d, Civil Service § 48.**

Appeal by petitioner from order entered 5 May 1995 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 16 April 1996.

Shirley M. Smith (hereinafter petitioner) is a former employee of the Cumberland County School System who retired due to disabling illness. As a result of petitioner's illness, she began receiving long-term disability benefits from the State Retirement System pursuant to G.S. 135-106. Petitioner filed claims with the Social Security System for disability insurance benefits pursuant to 42 U.S.C. section 423 and for widow's insurance benefits pursuant to 42 U.S.C. section 402(e). After the Social Security Administration denied petitioner's *pro se* claims twice, petitioner retained counsel and requested an administrative hearing regarding her claims. Petitioner and her counsel signed a contingent fee agreement whereby petitioner's counsel would receive twenty-five percent of the back benefits paid to petitioner if her claims were approved, but counsel would receive no fee if petitioner's claims were denied. After the hearing, the Social Security Administration approved both of petitioner's claims. Pursuant to 42 U.S.C. section 406, the Social Security Administration withheld $2352 (twenty-five percent) of petitioner's back benefits for attorneys fees. Petitioner's counsel petitioned the Social Security Administration for payment of the agreed upon fees and after counsel's petition was approved, the Social Security Administration paid $2352 directly to petitioner's counsel.

G.S. 135-106(b) provides that long-term disability benefits are subject to reduction in the amount of the recipient's "primary Social Security disability benefits." The Retirement System determined that petitioner was required to repay an amount equal to the gross amount of Social Security benefits to which she was entitled, including the twenty-five percent that the Social Security Administration paid directly to her attorney for attorneys fees.

Petitioner petitioned for a contested case hearing with the Office of Administrative Hearings, arguing that the amount of offset should be the net amount of Social Security disability benefits (the gross amount of benefits less the twenty-five percent attorneys fee) and

SMITH v. BD. OF TRUSTEES OF STATE EMPLOYEES' RET. SYS.

[122 N.C. App. 631 (1996)]

that the Retirement System should not require an offset for petitioner's widow's insurance benefits. After a hearing, the Administrative Law Judge (hereinafter ALJ) issued a recommended decision, concluding that long-term disability benefits paid by the Retirement System could be reduced by the gross amount of Social Security disability benefits, but that long-term disability benefits paid by the Retirement System could not be reduced by the amount of petitioner's widow's insurance benefits. The Board of Trustees of the Teachers' and State Employees' Retirement System (hereinafter respondent) issued its final agency decision, adopting the ALJ's recommended decision in part but declining to accept the ALJ's conclusion that long-term disability benefits could not be reduced by widow's insurance benefits. Respondent concluded that long-term disability benefits must be reduced by both Social Security disability benefits and widow's insurance benefits. Upon petition for review, the superior court affirmed the final agency decision on 5 May 1995.

Petitioner appeals.

*Hall & Joneth, P.C., by Charles T. Hall, for petitioner-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Alexander McC. Peters, for respondent-appellee.*

EAGLES, Judge.

I.

[1] Petitioner first argues that under G.S. 135-106(b), the amount of offset for disability benefits received from the Social Security Administration is the net amount after deduction of attorneys fees and costs associated with obtaining the disability benefits. Our recent decision in *Willoughby v. Board of Trustees*, No. COA94-1066 (N.C. Ct. App. Feb. 6, 1996) is dispositive of this issue. In *Willoughby*, we held that the amount of offset for disability benefits received from the Social Security Administration is the *net* amount after deduction of attorneys fees. Accordingly, we hold that the ALJ and the final agency erred in determining that respondent was entitled to an offset for the *gross* amount of petitioner's Social Security disability benefits and the superior court erred in affirming the final agency decision.

II.

[2] Petitioner also argues that under G.S. 135-106(b), widow's insurance benefits are not "primary Social Security disability benefits." A

SMITH v. BD. OF TRUSTEES OF STATE EMPLOYEES' RET. SYS.

[122 N.C. App. 631 (1996)]

woman may be entitled to widow's insurance benefits on the Social Security account of her deceased husband if: (1) she is sixty years of age or older or (2) she is at least fifty years of age, but less than sixty years of age, and is disabled. 42 U.S.C. § 402(e); *Cook v. Heckler*, 783 F.2d 1168, 1169 (4th Cir. 1986). Here, petitioner received widow's insurance benefits because she was between fifty and sixty years of age and she was disabled.

A review of the pertinent portions of the Social Security Act (hereinafter Act) reveals that the Act differentiates between disability insurance benefits and widow's insurance benefits. The two benefits are authorized by separate statutory sections. The provision for widow's insurance benefits is found in section 402 of the Act, which is entitled "[o]ld-age and survivors insurance benefit payments." 42 U.S.C. § 402. The provision for disability insurance benefits is in a different section, 42 U.S.C. section 423, entitled "[d]isability insurance benefit payments." The two benefits are paid from separate funds. Pursuant to section 401 of the Act, there are two trust funds from which Social Security benefits are paid. Widow's insurance benefits are paid out of the Federal Old-Age and Survivors Insurance Trust Fund. 42 U.S.C. § 401(h). Disability insurance benefits are paid out of the Federal Disability Insurance Trust Fund. 42 U.S.C. § 401(h).

After reviewing the applicable provisions of the Act, we agree with petitioner that, although her disability was part of the criteria under which she was eligible for widow's insurance benefits, widow's insurance benefits are separate and different from Social Security *disability* benefits. Accordingly, we conclude that the reference to "Social Security disability benefits" in G.S. 135-106(b) does not include widow's insurance benefits. We hold that the superior court erred in concluding that petitioner's long-term disability benefits payable by the State Retirement System were subject to a reduction in the amount of petitioner's widow's insurance benefits.

We reverse and remand to the Superior Court for entry of a decision consistent with this opinion.

Reversed and remanded.

Judges LEWIS and McGEE concur.